ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 31 2024

CLERK, U.S. DISTRICT COURT
By: _____
       Deputy

UNITED STATES OF AMERICA

v.

MICHAEL COTA

NO. 4:24-cr-005-Y

## PLEA AGREEMENT

Michael Cota, the defendant; Lee Stein, the defendant's attorney; and the Money Laundering and Asset Recovery Section and the Fraud Section of the Criminal Division of the U.S. Department of Justice, and the United States Attorney's Office for the Northern District of Texas (collectively, the "government") agree as follows:

1.     **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have the defendant's guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e.  against compelled self-incrimination.

2.     **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count 1 of the information, charging a violation of 18 U.S.C. § 371, that is, Conspiracy. The defendant understands the nature

Plea Agreement—Page 1

and elements of the crime to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.      **Sentence**: The maximum penalties the Court can impose include:

a. imprisonment for a period not to exceed 5 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than 3 years, which may be imposed under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and

g. forfeiture of property.

4.      **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant

Plea Agreement—Page 2

assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.      **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court; they are advisory only. The defendant has reviewed the guidelines with the defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the appropriate sentence in this case includes a term of probation in lieu of imprisonment. However, the defendant understands that this recommendation is not binding on the Court, and the defendant will not be allowed to withdraw the defendant's plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

Plea Agreement—Page 3

6.    **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office ("USPO"), the Court, or the government relating to the offense of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7.    **Mandatory special assessment**: The defendant agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment prior to sentencing.

8.    **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the government from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

   a. The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

   b. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

c. The defendant expressly authorizes the government to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9. **Restitution**: The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense of conviction and all relevant conduct, in an amount to be determined by the Court. The defendant agrees that, for purposes of this paragraph, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the information. The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The defendant consents to entry of any orders or declarations of

forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11.    **Government's agreement**: The government will not bring any additional charges or seek any additional criminal forfeiture against the defendant or any property based upon the conduct underlying and related to the defendant's plea of guilty, including the defendant's involvement in processing Paycheck Protection Program loans through Lender Service Provider-1. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the Money Laundering and Asset Recovery Section and the Fraud Section of the Criminal Division of the U.S. Department of Justice and the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12.    **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the

reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14.    **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15.    **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied

Plea Agreement—Page 7

with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16.    **Entirety of agreement**: This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this _5ᵗʰ_ day of _January_ , 202_4_ .

LEIGHA SIMONTON
UNITED STATES ATTORNEY

MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
Email: matthew.weybrecht@usdoj.gov

Plea Agreement—Page 8

MARGARET A. MOESER
ACTING CHIEF
Money Laundering & Asset Recovery Section
Criminal Division, U.S. Department of Justice

/s/ *Elizabeth R. Carr*

ELIZABETH R. CARR
Trial Attorney
Money Laundering & Asset Recovery Section
Criminal Division, U.S. Department of Justice
Telephone: 202-875-1535
Email: Elizabeth.carr@usdoj.gov


GLENN S. LEON
CHIEF, FRAUD SECTION
Criminal Division, U.S. Department of Justice

/s/ *Philip Trout*

PHILIP TROUT
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
Telephone: 202-616-6989
Fax: 202-514-0152
Email: Philip.Trout@usdoj.gov


I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          12/29/2023
Michael Cota                                                              Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.


**Plea Agreement—Page 9**

_____          12/27/2023
Lee Stein                                _____
Attorney for Defendant                   Date