ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL COTA

No. 4:24-CR-005-Y

## FACTUAL RESUME

I.     Plea: The defendant is pleading guilty to Count One of the Information, which charges Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371 (18 U.S.C. § 1343).

II.    Penalties: The maximum penalties the Court can impose for Count One include:

a.     imprisonment for a period not to exceed 5 years;

b.     a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.     a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

d.     a mandatory special assessment of $100;

e.     restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct;

f.     forfeiture; and

g.     costs of incarceration and supervision.

**Factual Resume - Page 1**

III.    Elements of the Offense: The government must prove the following elements as to Count One of the Information:

First:          That the defendant and at least one other person made an agreement to commit the crime of wire fraud, in violation of 18 U.S.C. § 1343, as charged in the Information;

Second:     That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third:        That one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

The elements of wire fraud—the object of the offense—are as follows:

First:          That a scheme to defraud existed;

Second:     That the scheme to defraud employed false material representations or pretenses;

Third:        That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, signal, or sound for the purpose of executing such scheme;

Fourth:      That the defendant acted with a specific intent to defraud.

IV.    Stipulated Facts:

From in or around April 2020 until in or around May 2021, in the Fort Worth Division of the Northern District of Texas and elsewhere, **Michael Cota** agreed and conspired with others known and unknown to commit wire fraud. It was part of the conspiracy and scheme that **Cota**, Coconspirator-1, Co-Conspirator-2, and Coconspirator-3 would knowingly submit applications for Paycheck Protection Program ("PPP") loans containing false representations related to facts material to eligibility for the loans and the amount of the loans. **Cota** and his coconspirators submitted these loan applications via interstate wire from in or around Scottsdale, Arizona to financial institutions headquartered in Redwood City, California; San Diego, California; San Francisco, California; Fort

Factual Resume - Page 2

Lee, New Jersey; and Bedford, Texas, in the Northern District of Texas. At least one of those lenders funded at least one of the PPP loans using reserves sent from the Federal Reserve to Bank in Cleveland, Ohio to a bank located in Happy, Texas, in the Northern District of Texas.

It was also part of the conspiracy and scheme that **Cota** and Coconspirator-2 falsely represented on a PPP loan application submitted in or around May 2020 the amount of payroll that an entity he operated, Qualytics, paid in 2019 in order to obtain a PPP loan in the amount of about $62,610. It was also part of the conspiracy and scheme that **Cota**, Coconspirator-1, Coconspirator-2, and Coconspirator-3 falsely represented on PPP loan applications submitted in or around August 2020 and in or around February 2021 that they earned income and qualified for the maximum PPP loans available to sole proprietors in order to obtain PPP loans in the amount of about $20,833 each. It was also part of the conspiracy that **Cota** and others known and unknown created false documents to use in loan applications, including a false bank statement that **Cota** made and that a coconspirator submitted in PPP loan applications seeking approximately $20,006. In total, **Cota** and his coconspirators obtained at least $125,904 in fraudulent PPP loans and sought additional loan funds in the amount of at least $20,006.

In furtherance of the conspiracy, on or around May 15, 2020, in Arizona, **Cota** digitally signed the promissory note through which Qualytics obtained a PPP loan in the amount of $62,610 and sent the note via electronic wire to a lender located in or around San Diego, California. On or around August 13, 2020, in Arizona, **Cota** digitally signed the promissory note through which he obtained a PPP loan in the amount of about $20,800 and sent the note via electronic wire to a lender located in or around Fort Lee, New Jersey. On or around February 5, 2021, Coconspirator-3 digitally signed the application for a PPP loan in the amount of about $20,833, causing a lender in or around Bedford, Texas, in the Northern District of Texas, to disburse the loan proceeds to a bank account located outside the state of Texas.

AGREED AND STIPULATED on this  27th   day of  December   , 2023.


_____

MICHAEL COTA
Defendant

_____

LEE STEIN
Counsel for Defendant

**Factual Resume - Page 3**